# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Case No: |
| | : | |
| v. | : | |
| | : | **VIOLATIONS:** |
| | : | |
| **ZACHARY JORDAN ALAM,** | : | 18 U.S.C. § 111(a)-(b), |
| | : | (Assault on a Federal Officer with a |
| **Defendant.** | : | Dangerous or Deadly Weapon) |
| | : | |
| | : | 18 U.S.C. § 1361 |
| | : | (Destruction of Government Property |
| | : | over $1000) |
| | : | |
| | : | 18 U.S.C. § 1512(c)(2) |
| | : | (Obstruction of an Official Proceeding) |
| | : | |
| | : | 18 U.S.C. §§ 1752(a)-(b) |
| | : | (Restricted Building or Grounds) |
| | : | |
| | : | 40 U.S.C. § 5104(e)(2) |
| | : | (Violent Entry or Disorderly Conduct) |
| | : | |

## MOTION TO SEAL AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully moves for an order to place and maintain under seal, until the Arrest Warrant is executed, the Affidavit in Support of Criminal Complaint, Criminal Complaint, and Arrest Warrant in the above-captioned matter, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.   In support thereof, the government states as follows:

1.  The United States is investigating allegations that Zachary Jordan Alam willfully and knowingly entered the United States Capitol on January 6, 2021 without legal authority, and

participated in violent and disorderly conduct in violation of 18 U.S.C. § 111(a) and (b), 18 U.S.C. § 1361, 18 U.S.C. § 1512(c)(2), 18 U.S.C. § 1752(a) and (b), and 40 U.S.C. § 5104(e)(2).

2. The Affidavit in Support of Criminal Complaint references evidence gathered in the course of the investigation, including indications that the defendant may be evading law enforcement. These include statements by W-1, a relative of the defendant, to the FBI that the defendant stated that he was not going to turn himself in to authorities because he did not want to go to jail; that the defendant declined to provide W-1 with his exact location; and that the defendant has, since the events at the Capitol, asked relatives if he may stay at their residences because the FBI is looking for him. In addition, the defendant recently called W-1 from a phone number that the defendant has never previously used.

3. The public disclosure of the Government's evidence could compromise the integrity of the investigation, including the ability of the United States to locate and arrest the defendant. The Government also anticipates imminently obtaining one or more search warrants to assist in locating the defendant, and premature disclosure of the charging documents may risk hampering those efforts or lead to the destruction of evidence. Thus, a sealing order is necessary to avoid hindering the ongoing investigation in this matter.

2. As stated in Washington Post v. Robinson, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings. But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'" Id. at 290 (quoting Oregonian Pub. Co. v. United States Dist. Court, 920 F.2d 1462, 1466 (9th Cir. 1990)).

3. In this matter, the United States has a compelling interest in preserving the integrity of its investigation and arresting the defendant. A limited sealing order ensuring that filings related to the Criminal Complaint and Arrest Warrant are not accessible from the Court's public files is narrowly tailored to serve a compelling interest.

4. Furthermore, the United States respectfully submits that complying with the normal notice requirements of Washington Post would defeat the purpose of the motion to seal. Persons who know the criminal justice system also know that docketing a motion to seal an Affidavit in Support of Criminal Complaint and Arrest Warrant, or a resulting sealing order, means that the defendant is charged with a crime, and the Government intends to arrest him. Thus, if this Motion or a sealing order were to become public, it would be the same as making public the Complaint and Arrest Warrant.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal, until execution of the Arrest Warrant, the Affidavit in Support of Criminal Complaint, this Motion and Supporting Memorandum, the proposed Order attached to this Motion, and any Order granting this motion.

Respectfully submitted,

MICHAEL SHERWIN
ACTING UNITED STATES ATTORNEY

by:   /s/ *Candice C. Wong*
Candice C. Wong
D.C. Bar No. 990903
Assistant United States Attorney
555 4th Street, N.W., room 4816
Washington, D.C. 20530
(202) 815-8549
Candice.wong@usdoj.gov

3