

|  |
|---|
| U.S. Department of Justice |
| Channing D. Phillips |
| Acting United States Attorney |
| *District of Columbia* |

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

March 26, 2021

<u>Via Email</u>
Michael E. Lawlor
Nicholas G. Madiou
Brennan, McKenna & Lawlor, Chtd.
6305 Ivy Lane, Suite 700
Greenbelt, MD 20770
mlawlor@verizon.net
nickmadiou@gmail.com
*Counsel for Zachary Jordan Alam*

      Re:    *United States v. Zachary Jordan Alam*
              Case No. 1:21-cr-00190-DLF

Dear Counsel:

      Enclosed as preliminary discovery in this case, via filesharing, are the following materials:

1. Signed Complaint
2. Signed Redacted Complaint
3. Signed Affidavit Supporting Complaint
4. Signed Arrest Warrant, and Arrest Warrant Return
5. Indictment
6. 18 Screenshots of Defendant from Affidavit
7. Recovery Log from Defendant's Arrest
8. Law Enforcement Database Checks on Defendant, including Criminal History
9. Open-Source Videos (10 files, zipped)
10. DDC GPS Search Warrant Application, Affidavit, and Warrant
11. EDPA Search Warrant Application, Affidavit, and Warrant
12. Storage unit subpoena returns
13. T-Mobile subpoena returns
14. T-Mobile refreshed subpoena returns
15. Car dealership subpoena returns

Due to the extraordinary nature of the January 6, 2021 Capitol Attack, the government anticipates that a large volume of materials may contain information relevant to this prosecution. These materials may include, but are not limited to, surveillance video, statements of similarly situated defendants, forensic searches of electronic devices and social media accounts of similarly situated defendants, and citizen tips. The government is working to develop a system that will facilitate access to these materials. In the meantime, please let me know if there are any categories of information that you believe are particularly relevant to your client.

The discovery is unencrypted. Please contact me if you have any issues accessing the information, and to confer regarding pretrial discovery as provided in Fed. R. Crim. P. 16.1.

Additional materials will be provided after the entry of a Protective Order in this case.

I recognize the government's discovery obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), its progeny, and Rule 16. I will provide timely disclosure if any such material comes to light. Consistent with *Giglio*, *Ruiz*, and 18 U.S.C. § 3500, I will provide information about government witnesses prior to trial and in compliance with the court's trial management order.

I request reciprocal discovery to the fullest extent provided by Rule 16 of the Federal Rules of Criminal Procedure, including results or reports of any physical or mental examinations, or scientific tests or experiments, and any expert witness summaries. I also request that defendant(s) disclose prior statements of any witnesses defendant(s) intends to call to testify at any hearing or trial. *See* Fed. R. Crim. P. 26.2; *United States v. Nobles*, 422 U.S. 255 (1975). I request that such material be provided on the same basis upon which the government will provide defendant(s) with materials relating to government witnesses.

Additionally, pursuant to Federal Rules of Criminal Procedure 12.1, 12.2, and 12.3, I request that defendant(s) provide the government with the appropriate written notice if defendant(s) plans to use one of the defenses referenced in those rules. Please provide any notice within the time period required by the Rules or allowed by the Court for the filing of any pretrial motions.

I will forward additional discovery as it becomes available. If you have any questions, please feel free to contact me.

Sincerely,

Candice C. Wong
Assistant United States Attorney
202-252-7849
Candice.wong@usdoj.gov