UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-190 (DLF) |
| v. )( | Judge Friedrich |
| )( | Motions Hearing: May 31, 2023 |
| ZACHARY ALAM )( | |

**MOTION TO HAVE COURT ADDRESS MULTPLICITY CONCERNS
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to the Fifth Amendment to the United States Constitution, to address multiplicity concerns regarding counts one and two of the indictment under which he is charged by ordering one of three possible remedies. In support of this motion, Mr. Alam would show:

1. In this case, in connection with the events that occurred at the United States Capitol on January 6, 2021, Mr. Alam is currently charged in a superseding indictment that was filed on November 11, 2021 (ECF #36) (Indictment).

2. In connection with the events at the Capitol on January 6, count one of the Indictment charges Mr. Alam with Assaulting, Resisting, or Impeding Certain Officers under 18 U.S.C. § 111(a)(1). In this count, it is stated that Mr. Alam "<u>did forcibly assault, resist, oppose, impede, intimidate, and interfere with</u> [] an officer and employee of the United States…, that is <u>officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speakers Lobby</u>, while such persons were engaged in and on account of the performance of official duties, and where the acts

1

in violation of this section involve the intent to commit another felony [emphases added]." Indictment at 2.

3.  In connection with the events at the Capitol on January 6, count two of the Indictment charges Mr. Alam with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon under 18 U.S.C. 111 §§ (a)(1) and (b).  In this count, it is stated that Mr. Alam "using a deadly weapon, that is, a helmet, <u>did forcibly assault, resist, oppose, impede, intimidate, and interfere with</u> []an officer and employee of the United States…, that is, <u>officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby</u>, while such persons were engaged in and on account of the performance of official duties [emphases added]". Indictment at 2.

4.  18 U.S.C. § 111(b) is not a stand-alone crime.  It is only an enhancement provision that increases the maximum sentence that a defendant who has been found to have violated either 18 U.S.C. § 111(a)(1) or 18 U.S.C. § 111(a)(2) would otherwise face if he is also found to have used a dangerous weapon while so violating either of those provisions.

5.  Count two of the Indictment, apart from charging Mr. Alam with also using a dangerous weapon, charges him with engaging in the exact same conduct he is charged with in count one ("forcibly assault[ing], resist[ing], oppos[ing], imped[ing], intimidate[ing], and interfer[ing] with") against the exact same persons at issue in count one ("officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby").  Thus, it appears that, to the extent count

two charges Mr. Alam under § 111(a)(1), it is charging him with the very same offense at issue in count one.

6. Multiplicity occurs when a single offense is charged in multiple counts. United States v. Weathers, 186 F.3d 948, 951 (D.C. Cir. 1999). Multiplicity raises double jeopardy concerns under the Fifth Amendment. Id.

7. Because Mr. Alam appears to be charged with the same offense under 18 U.S.C. § 111(a)(1) in both count one and count two of the indictment, a remedy must be fashioned to ensure that Mr. Alam is protected against double jeopardy. One remedy would be to have the Court direct the government to elect between either count one or count two prior to trial. United States v. Johnson, 130 F.3d 1420, 1426 (10th Cir. 1997) ("A decision of whether to require the government to elect between multiplicitous counts before trial is within the discretion of the trial court."). A second remedy would be to allow the government to proceed to trial on both counts but to specially instruct the jury that it can convict Mr. Alam on only one of the counts. United States v. Roy, 408 F.3d 484, 491-92 (8th Cir. 2005) ("multiplicitous indictments may be saved at the trial stage if the district court submits an appropriate instruction to the jury"). And a third remedy would be to allow the jury to consider both counts without being specially instructed but then, if it convicts on both counts, vacate one count and only sentence Mr. Alam on the other. See Ball v. United States, 470 U.S. 856, 865 (1985); Rutledge v. United States, 517 U.S. 292, 302-03 (1996).

**CONCLUSION**

WHEREFORE, the defendant, Zachary Alam, moves this Honorable Court to address multiplicity concerns regarding counts one and two of the indictment in this case by ordering one of three possible remedies.

Respectfully submitted,

\_\_\_\_/s/_____
Jerry Ray Smith , Jr.
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101