UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-190 (DLF) |
| v.        )( | Judge Friedrich |
| )( | Motions Hearing: May 31, 2023 |
| ZACHARY ALAM       )( | |

MOTION FOR SPECIAL JURY INSTRUCTION REGARDING UNANIMITY
AND POINTS AND AUTHORITY IN SUPPORT THEREOF

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Sixth Amendment to the United States Constitution, to give a special jury instruction at trial telling the jurors that, in connection with counts one, two, and three of the indictment under which he is charged, they must unanimously agree on the specific officer or officers that his charged conduct involved.  In support of this motion, Mr. Alam would show:

1. In this case, in connection with the events that occurred at the United States Capitol on January 6, 2021, Mr. Alam is currently charged in a superseding indictment that was filed on November 10, 2021 (ECF #36) (Indictment).

2. In connection with the events at the Capitol on January 6, count one of the Indictment charges Mr. Alam with Assaulting, Resisting, or Impeding Certain Officers under 18 U.S.C. § 111(a)(1).  In this count, it is stated that Mr. Alam "did forcibly assault, resist, oppose, impede, intimidate, and interfere with [] an officer and employee of the United States…, that is, <u>officers [plural] from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby</u>, while such persons were engaged in and on account of the performance of official duties, and

1

where the acts in violation of this section involve the intent to commit another felony [emphases added]." Indictment at 2. Apart from indicating that the officers at issue are "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby," count one does not provide any additional identifying information about the officers.

      3.      In connection with the events at the Capitol on January 6, count two of the Indictment charges Mr. Alam with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon under 18 U.S.C. §§ 111(a)(1) and (b).  In this count, it is stated that Mr. Alam "using a deadly weapon, that is, a helmet, did forcibly assault, resist, oppose, impede, intimidate, and interfere with [] an officer and employee of the United States…, that is, <u>officers [plural] from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby</u>, while such persons were engaged in and on account of the performance of official duties [emphases added]". Indictment at 2.  Apart from indicating that the officers at issue are "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby," count two does not provide any additional identifying information about the officers.

      4.      Video evidence has been turned over to Mr. Alam in discovery that purportedly shows him engaging in the conduct that he is charged with in counts one and two of the Indictment.  In the videos, the person the government claims is Mr. Alam can be seen at the door that opens into the Speaker's Lobby.  The videos show that there are three uniformed United States Capitol Police Officers on the same side of the door as the

person the government claims is Mr. Alam. Any or all of these three officers could be the officers referenced in counts one and two of the Indictment. Also, the videos show an individual in plain clothes on the other side of the door from the person the government claims is Mr. Alam who ends up shooting a woman as she is trying to come through the door. Given that it is widely known that an individual named Ashli Babbitt was shot and killed at the Speaker's Lobby door on January 6 by United States Capitol Police Lieutenant Michael Byrd, it seems obvious that Lieutenant Byrd is the individual captured in the videos who shoots the woman who is coming through the door. Therefore, he also could be one of the officers referenced in counts one and two of the Indictment. Finally, the videos show several people dressed in plain clothes on the other side of the door from the person the government claims is Mr. Alam. Any of these people could be United States Capitol Police Officers and, if so, be among the officers referenced in counts one and two of the indictment.

5.     Assaultive conduct directed at multiple officers can constitute but a single offense under 18 U.S.C. § 111. Ladner v. United States, 358 U.S. 169, 177 (1958) (firing gun at multiple federal officers is one assault under the previous codification of 18 U.S.C. § 111 (18 U.S.C. § 254 (1940))). Nevertheless, a person can still obviously commit a crime under 18 U.S.C. § 111 by engaging in conduct in relation to even a single officer. Given this, a problem arises because, in counts one and two of the Indictment, Mr. Alam is charged with an offense under § 111 for engaging in conduct in relation to multiple officers who, apart from being described as "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's

3

Lobby," are not otherwise identified. Given this and given the evidence, as things stand now, the possibility therefore exists that, at trial, the jury could convict Mr. Alam on counts one and two without unanimously agreeing on which officer or officers his charged conduct involved.

      6.      In connection with the events at the Capitol on January 6, count three of the Indictment charges Mr. Alam with Civil Disorder and Aiding and Abetting under 18 U.S.C. §§ 231(a) and 2. In this count, it is stated that Mr. Alam "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, <u>an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties</u>, incident to and during the commission of a civil disorder." Indictment at 2-3. Apart from indicating that the officer at issue is "an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties," count three does not provide any additional identifying information about the officer.

      7.      Any of the officers captured on the previously-referenced videos showing events at the Speaker's Lobby door could be the officer at issue in count three of the Indictment. Also, other video evidence has been turned over to Mr. Alam that the government claims shows Mr. Alam aggressively approaching a United States Capitol Police Officer in a hallway and getting in his face. This officer could also be the officer referenced in count three. Given the evidence, as things stand now, the possibility therefore exists that, at trial, the jury could convict Mr. Alam on count three without unanimously agreeing on which officer his charged conduct involved.

8.      In criminal cases, jury unanimity is required by the Sixth Amendment to the United States Constitution.  See Ramos v. Louisiana, 140 S.Ct. 1390, 1396 (2020) ("This Court has, repeatedly and over many years, recognized that the Sixth Amendment requires unanimity.")

9.      In order to insure that Mr. Alam's Sixth Amendment right to unanimous jury verdicts is protected in connection with counts one, two, and three of the Indictment, a jury instruction should be given that tells the jurors that, in order to convict Mr. Alam on those counts, they must unanimously agree on the specific officer or officers that his charged conduct involved.

## CONCLUSION

WHEREFORE, the defendant, Zachary Alam, moves this Honorable Court to give a special jury instruction regarding unanimity on counts one, two, and three of the indictment under which he is charged.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith, Jr.
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101