UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )( |
| | )(  Criminal No. 21-190 (DLF) |
| v. | )(  Judge Friedrich |
| | )(  Motions Hearing: May 31, 2023 |
| ZACHARY ALAM | )( |

**MOTION FOR BILL OF PARTICULARS
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Fed. R. Crim. P. 7(f), to direct the government to file a bill of particulars specifically identifying who the United State Capitol Police Officers are that are referenced in counts one, two, and three of the indictment under which he is currently charged. In support of this motion, Mr. Alam would show:

1. In this case, in connection with the events that occurred at the United States Capitol on January 6, 2021, Mr. Alam is currently charged in a superseding indictment that was filed on November 11, 2021 (ECF #36) (Indictment).

2. In connection with the events at the Capitol on January 6, count one of the Indictment charges Mr. Alam with Assaulting, Resisting, or Impeding Certain Officers under 18 U.S.C. § 111(a)(1). In this count, it is stated that Mr. Alam "did forcibly assault, resist, oppose, impede, intimidate, and interfere with [] an officer and employee of the United States…, that is, <u>officers [plural] from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby</u>, while such persons were engaged in and on account of the performance of official duties, and

1

where the acts in violation of this section involve the intent to commit another felony [emphases added]." Indictment at 2. Apart from indicating that the officers at issue are "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby," count one does not provide any additional identifying information about the officers.

3. In connection with the events at the Capitol on January 6, count two of the Indictment charges Mr. Alam with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon under 18 U.S.C. §§ 111(a)(1) and (b). In this count, it is stated that Mr. Alam "using a deadly weapon, that is, a helmet, did forcibly assault, resist, oppose, impede, intimidate, and interfere with [] an officer and employee of the United States…, that is, <u>officers [plural] from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby</u>, while such persons were engaged in and on account of the performance of official duties [emphases added]". Indictment at 2. Apart from indicating that the officers at issue are "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby," count two does not provide any additional identifying information about the officers.

4. Video evidence has been turned over to Mr. Alam in discovery that purportedly shows him engaging in the conduct that he is charged with in counts one and two of the Indictment. In the videos, the person the government claims is Mr. Alam can be seen at the door that opens into the Speaker's Lobby. The videos show that there are three uniformed United States Capitol Police Officers on the same side of the door as the

person the government claims is Mr. Alam.  Any or all of these three officers could be the officers referenced in counts one and two of the Indictment.  Also, the videos show an individual in plain clothes on the other side of the door from the person the government claims is Mr. Alam who ends up shooting a woman as she is trying to come through the door.  Given that it is widely known that an individual named Ashli Babbitt was shot and killed at the Speaker's Lobby door on January 6 by United States Capitol Police Lieutenant Michael Byrd, it seems obvious that Lieutenant Byrd is the individual captured in the videos who shoots the woman who is coming through the door.  Therefore, he also could be one of the officers referenced in counts one and two of the Indictment.  Finally, the videos show several people dressed in plain clothes on the other side of the door from the person the government claims is Mr. Alam.  Any of these people could be United States Capitol Police Officers and, if so, be among the officers referenced in counts one and two of the Indictment.

     5.     In connection with the events at the Capitol on January 6, count three of the Indictment charges Mr. Alam with Civil Disorder and Aiding and Abetting under 18 U.S.C. §§ 231(a) and 2.  In this count, it is stated that Mr. Alam "committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, <u>an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties</u>, incident to and during the commission of a civil disorder."  Indictment at 2-3.  Apart from indicating that the officer at issue is "an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his

3

official duties," count three does not provide any additional identifying information about the officer.

6. Any of the officers captured on the previously-referenced videos showing events at the Speaker's Lobby door could be the officer at issue in count three of the Indictment. Also, other video evidence has been turned over to Mr. Alam in discovery that the government claims shows Mr. Alam aggressively approaching a United States Capitol Police Officer in a hallway and getting in his face. This officer could also be the officer referenced in count three.

7. Fed. R. Crim. P. 7(f) gives the Court authority to direct the government to file a bill of particulars. In 1966, Rule 7(f) was amended to eliminate any requirement that a defendant make a showing of cause to obtain a bill of particulars. This amendment was made "to encourage a more liberal attitude by the courts to bills of particulars." Fed. R. Crim. P. 7(f) ADVSISORY COMMITTEE NOTES (1966 Amendments). A bill of particulars serves three purposes. It aids a defendant in preparing for trial, helps to eliminate surprise at trial, and protects against double jeopardy. United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1995); United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973).

8. Given that the evidence in this case shows that there are several people who could possibly be the among the officers that are referenced in counts one and two of the Indictment and who could be the individual officer referenced in count three of the Indictment, Mr. Alam needs to know which of these people actually are the officer or officers referenced in those counts so that he can prepare for trial, protect himself against

unfair surprise at trial, and protect himself against double jeopardy  Accordingly, the Court should direct the government to file a bill of particulars specifically identifying who the United State Capitol Police Officers are that are referenced in counts one, two, and three of the Indictment.

9. A defendant may move for a bill of particulars before or within fourteen days after arraignment "or at a later time if the court permits." Fed. R. Crim. P. 7(f).  Mr. Alam was arraigned on the Indictment over a year ago.  Accordingly, he moves the Court to permit him to seek a bill of particulars at this time.  The bill of particulars that Mr. Alam seeks to have the government file is a simple one.

## CONCLUSION

WHEREFORE, the defendant, Zachary Alam, moves this Honorable Court to direct the government to file a bill of particulars specifically identifying who the United State Capitol Police Officers are that are referenced in counts one, two, and three of the Indictment.

Respectfully submitted

_____/s/_____

Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101