UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-190 (DLF) |
| v.         )( | Judge Friedrich |
| )( | Motions Hearing: June 27, 2023 |
| ZACHARY ALAM          )( | |

**RESPONSE TO UNITED STATES' OMNIBUS MOTIONS IN LIMINE**

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully responds to the United States' Omnibus Motion in Limine. In support of this response, Mr. Alam would show:

1. On April 28, 2023, the government filed a United States' Omnibus Motions in Limine (Motion in Limine) (ECF #58).

2. In its Motion in Limine, the government moves the Court to admit into evidence at Mr. Alam's trial a notebook[1] and a magazine that were allegedly found in a motel room where Mr. Alam was arrested in connection with this case. Motion in Limine at 31. The magazine is Recoil OffGrid, and the government says that the cover of the magazine indicates that, inside the magazine, there is "an article about surviving civil disorder." Also, the government indicates that "public source information" indicates that the magazine "has an audience of people interested in living 'off the grid' and provides 'practical' information about 'key topics you need to be resilient in the face of hardship [sic],' including 'escape and evasion.'" Id. (citing https://www.offgridweb.com).

---

[1] It should be noted that Mr. Alam has moved to suppress the contents of this notebook under the Fourth Amendment. See Motion to Suppress Contents of Two Notebooks Found in Motel Room and Points and Authority in Support Thereof (ECF #56).

1

3. In its Motion in Limine, the government argues that the magazine and the notebook are "probative of defendant's guilt, in that they show his consciousness of guilt." Motion in Limine at 31. Elaborating on this point, the government says that the magazine and "notes [in the notebook] appear to indicate [Mr. Alam's] desire to conceal evidence of a crime or evade law enforcement detection." Id. at 31-32. The government indicates that it will seek to introduce the magazine and notebook into evidence at trial as "either as direct evidence of defendant's guilt[] or as 'other act' [404(b)] evidence of intent, knowledge, identity, absence of mistake, and consciousness of guilt." Id. at 32.

4. In regards to the notebook, Mr. Alam obviously objects to its wholesale admission into evidence at trial as either direct evidence or 404(b) evidence. Moreover, the government has not identified any specific entry in the notebook that fits either theory of admissibility.

5. In regards to the magazine, apart from saying that the cover indicates that the magazine contains "an article about surviving civil disorder," the government has not identified anything else about that particular magazine that might make it admissible at Mr. Alam's trial either as direct evidence or 404(b) evidence. Moreover, it seems highly speculative to say that the fact that Mr. Alam may have possessed a magazine that contained an article about surviving a civil disorder somehow provides evidence of his consciousness of guilt or his desire to conceal evidence or evade detection by law enforcement.

6. Per Fed. R. Evid. 401, Mr. Alam objects to the admission of the magazine and the notebook into evidence at his trial on relevancy grounds. Also, per Fed. R. Evid. 403, to the extent the magazine and the notebook are somehow found to be relevant

evidence, Mr. Alam objects to their admission into evidence on the grounds that whatever probative value they may have would be substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

## **CONCLUSION**

WHEREFORE, the defendant, Zachary Alam, responds to the United States' Omnibus Motions in Motion in Limine.

Respectfully submitted,

\_\_\_\_\_/s/_____
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101