UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-190 (DLF) |
| v. | : | |
| | : | |
| ZACHARY ALAM, | : | |
| | : | |
| Defendant | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR A BILL OF PARTICULARS**

Zachary Alam traveled to Washington, D.C., where he joined a mob outside of the U.S. Capitol on January 6, 2021. Alam entered the restricted perimeter, made his way through past barriers and through Capitol grounds to the Senate wing doors and entered the Capitol Building. Alam traveled throughout the Capitol and at one point approached the rear door to the House Chamber at the Speaker's Lobby. Once there, he smashed a window that separated the mob from the retreating members of Congress and their staff. In doing so, he is also is alleged to have assaulted U.S. Capitol Police Officers. His journey was documented extensively through photos and videos.

Alam now moves for the Court to moves this Honorable Court, pursuant to Fed. R. Crim. P. 7(f),to direct the government to file a bill of particulars specifically identifying who theUnited State Capitol Police Officers are that are referenced in counts one, two, and threeof the indictment under which he is currently charged.. ECF No. 60. As detailed below, Alam has provided no compelling reason for the Court to do so, and the Court should deny his motion as the facts and the law do not support it.

1

I.      STATEMENT OF FACTS

Alam traveled from his home to attend the "Stop the Steal" rally on January 6, 2021, in Washington, D.C. From the rally, he proceeded to U.S. Capitol grounds, penetrated the restricted perimeter and joined throngs of rioters on the lower west terrace. Alam, who was wearing a gray backpack, jumped through a broken-out window on the Senate wing of the building at 2:17 p.m., shortly after this first breach of the buildings walls occurred.

Once inside the building, Alam traveled to different areas, changed his clothes, and threw a red velvet rope from a third-floor House balcony at police officers the next level down. At 2:33 p.m., Alam headed to the Will Rogers corridor, a hallway connecting Statuary Hall to the House Chamber's Main Door. A line of officers stood guard between the corridor and the House Main Door, which led directly into the House chamber. Alam yelled at officers, laughed, argued with other rioters, and joined the mob that pushed through the police line. He stood toward the back as the rioters in the front attacked the glass in the House Main Door, clamoring to get in.

At 2:41 p.m., after unsuccessfully trying to breach the House Main Door, Alam and others headed to the doors to the Speaker's Lobby—another entry point at the rear of the House chamber. Three U.S. Capitol Police officers stood guard at the Speaker's Lobby Doors, with furniture piled behind them to provide a barricade. Alam walked up to these officers and looked through the glass of the door, where members of Congress and staff were evacuating the House chamber.

Now at the front of the mob, and acutely aware that his quarry was escaping, Alam punched the glass repeatedly with his fist and shattered two panes of glass in the doors . As he punched, he pushed up against two officers. Eventually Alam used a black helmet to smash the glass and other rioters yelled that there was a gun behind the door. Officers behind the House chamber door drew

their guns in response to the crowd. But Alam continued to smash the last glass pane in the door, enabling a woman to climb through the window, where she was shot.

Throughout his path through the U.S. Capitol Building Alam's movements and activities were captured by closed circuit television, along with numerous videos being recorded by other rioters in the building. In fact, during the exact activities that Alam focuses on in the present Motion for a Bill of Particulars Motion, there exist multiple videos which recorded the very conduct in question. Below are still images from those videos which were included in the Criminal Complaint in this case. ECF No. 1-1 at 6-13.

IMAGES OF ALAM PUSHING UP AGAINST OFFICERS AND PUNCHING THE WINDOWS



IMAGE 1



IMAGE 2



IMAGE 3

IMAGES OF ALAM GRASPING HELMET AND SMASHING DOORS AND SIDELIGHT



IMAGE 4



IMAGE 5[1]

---

[1] Images 5, 6, and 7 are taken starting at approximately minute 34:00 of a video posted and still publicly viewable at https://archive.org/details/nYiFQbNc65jwFYCWY



IMAGE 6



IMAGE 7



IMAGE 8



IMAGE 9

The Defendant was charged in a Superseding Indictment on November 10, 2021, with, among other charges, the following:

### COUNT ONE

On or about January 6, 2021, within the District of Columbia, **ZACHARY JORDAN** ALAM, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby, while such persons were engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers,** in violation of Title 18, United States Code, Section 11 l(a)(l))

### COUNT TWO

On or about January 6, 2021, within the District of Columbia, **ZACHARY JORDAN ALAM,** using a deadly or dangerous weapon, that is, a helmet, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby, while such persons were engaged in or on account of the performance of official duties.

**(Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon,** in violation of Title 18, United States Code, Sections 11 l(a)(l) and (b))

### COUNT THREE

On or about January 6, 2021, within the District of Columbia, **ZACHARY JORDAN ALAM,** committed and attempted to commit an act to obstruct, impede, and interfere with a law enforcement officer, that is, an officer from the United States Capitol Police, lawfully engaged in the lawful performance of his official duties, incident to and during the commission of a civil disorder which in any way and degree obstructed, delayed, and adversely affected commerce and the movement of any article and commodity in commerce and the conduct and performance of any federally protected function.

**(Civil Disorder and Aiding and Abetting,** in violation of Title 18, United States Code,Sections 23l(a)(3) and 2)

## II.  ARGUMENT

An indictment need only include "a plain, concise, and definite written statement of the essential facts constituting the offense charged," but a court may, in its discretion, "direct the government to file a bill of particulars" clarifying the allegations in the indictment. Fed. R. Crim. P. 7(c)(1), (f). A bill of particulars "ensure[s] that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987).  It is not required, however, if the indictment "is sufficiently specific, or if the requested information is available in some other form." *Id.*; *see United States v. Lorenzana-Cordon*, 130 F. Supp. 3d 172, 179 (D.D.C. 2015) (denying motion for bill of particulars and noting that the government had provided extensive discovery that "allows Defendants to adequately prepare for trial").

A bill of particulars "is not a discovery tool or a devise for allowing the defense to preview the government's theories or evidence." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999); *see also United States v. Brodie*, 326 F. Supp. 2d 83, 91 (D.D.C. 2004) (same).  Rather, a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation and not to provide the defendant with the fruit of the government's investigation." *United States v. Sanford* Ltd., 841 F. Supp. 2d 309, 316 (D.D.C. 2012) (internal quotation marks and citation omitted, emphasis in original). Therefore, a bill of particulars "properly includes clarification of the indictment, not the government's proof of its case." *United States v. Martinez*, 764 F. Supp. 2d 166, 173 (D.D.C. 2011) (internal quotation marks and citation omitted); *United States v. Savoy*, 889 F. Supp. 2d 78, 115 (D.D.C. 2012) (same); see also *United States v. Taylor*, 17 F. Supp. 3d 162, 178 (E.D.N.Y.

9

2014) (bill of particulars "may not be used by the defense as a fishing expedition or to force the government to reveal all its evidence before trial").

Applying this principle, judges of this Court have consistently denied motions for a bill of particulars where, as here, the motion seeks details about the nature of the government's evidence. Thus, for example, in *United States v. Han*, 280 F. Supp. 3d 144, 149 (D.D.C. 2017), the Court denied a motion for a bill of particulars requesting information about the basis for fraud and tax charges against the defendant, including the precise representations allegedly made by the defendant and the amount of taxes allegedly owed. The Court explained that the requested information had already been provided to the defendant in discovery and elsewhere, and a "bill of particulars is meant to allow a defendant to properly prepare for trial, not provide a method to force the prosecution to connect every dot in its case." *Id.*

Similarly, in *Brodie*, the Court denied a motion for a bill of particulars requesting "the circumstances surrounding the alleged acts" of fraud committed by the defendants as well as "other evidentiary details." 326 F. Supp. 2d at 92. The Court reasoned that the charges set forth in the indictment were "detailed and alleged with particularity" and "the discovery provided by the government has been voluminous," and therefore there was "no reason for any further particularization of the overt acts." *Id*.

Finally, in *Sanford Ltd.*, the Court denied a motion for a bill of particulars regarding the "substance, time, place and date" of allegations regarding falsification of records and other charges against a corporate defendant. 841 F. Supp. 2d at 315. The Court explained that "the general rule in conspiracy cases is that the defendant is not entitled to obtain detailed information about the conspiracy in a bill of particulars." *Id*. at 317 (internal quotation marks and citation omitted). Accordingly, the Court denied the defendant's request for information about the identities of its

employees alleged to have participated in the conspiracy and other details about the overt acts charged in the indictment. *Id*. at 317-18 .

The same result is appropriate here for three reasons. First, the indictment provides sufficient detail outlining the allegations against the Defendant. See *Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006) (no bill of particulars required where the superseding indictment identified, among other things, the object of the charged conspiracy, the conspiracy's "time period," the applicable mens rea, and locations where conspirators acted). Along with providing a specific date for the alleged conduct, the superseding indictment language tracks closely with that of the applicable statutes.

Nothing in the indictment's language is vague, unclear, or lacking in specificity, especially in light of the Defendant's recorded conduct. If the Defendant believes the government's evidence is insufficient or that the statutes themselves are vague as applied to his conduct, then he should move for the appropriate relief.

Second, the full scope of the conduct giving rise to the allegations in this case is recorded and has been disclosed to defense. The Defendant has copies of videos and still photos which document his activities throughout the U.S. Capitol Building, and specifically at the doors to the Speaker's Lobby, where much of the charged conduct occurred. There are multiple video recordings which document his aggressive and assaultive behavior in detail. The nature of the events, behavior, and actions upon which the prosecution will rely to prove that the Defendant's conduct violated all these statutes has been disclosed.  In addition, the Government has separately provided counsel for the Defendant notice of the names of the six officers immediately in front of and behind the doors to the Speaker's Lobby during the Defendant's charged conduct in Counts One, Two, and Three.

Finally, for the reasons articulated in the Government's Response in Opposition to the Defendant's Motion for a Unanimity Instruction, a bill of particulars is unnecessary. The Defendant was engaged in a single event against multiple officers, he can be charged without regard to the number of federal officers affected by the act, and a jury need not agree unanimously on the means by which an element is proven. For that reason, a bill of particulars to identify one particular victim, among several, of the Defendant's conduct is not necessary or appropriate.

III.     **CONCLUSION**

For the foregoing reasons, Alam's Motion for a Bill of Particulars, ECF No. 60, should be denied.

                                                      Respectfully submitted,

                                                      Respectfully submitted,

                                                      MATTHEW M. GRAVES
                                                     United States Attorney
                                                     D.C. Bar No. 481052

By:     /s/ Rebekah Lederer

                                                     REBEKAH LEDERER
                                                     Pennsylvania Bar No. 320922
                                                     Assistant U.S. Attorney
                                                     601 D Sreet. N.W
                                                     Washington, DC 20530
                                                     (202) 252-7012
                                                     rebekah.lederer@usdoj.gov

                                                      /s/ Joseph S. Smith, Jr.
                                                     JOSEPH S. SMITH. JR.
                                                     CA Bar No. 200108
                                                     Assistant U.S. Attorney
                                                     601 D Street, N.W.
                                                     Washington, D.C. 20530
                                                     (619) 546-8299
                                                     joseph.s.smith@usdoj.gov