UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )( | |
| )( | Criminal No. 21-190 (DLF) |
| v.            )( | Judge Friedrich |
| )( | Motions Hearing: June 27, 2023 |
| ZACHARY ALAM       )( | |

REPLY TO GOVERNMENT'S OPPOSITION
TO DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
OBTAINED PURSUANT TO SEARCH WARRANTS

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully replies to the Government's Opposition to Defendant's Motion to Suppress Evidence Obtained Pursuant to Search Warrants. Towards this end, Mr. Alam would show:

1. On April 27, 2023, Mr. Alam filed a Motion to Suppress Contents of Two Notebooks Found in Motel Room and Any Derivative Evidence and Information and Points and Authority in Support Thereof (Motion to Suppress) (ECF #56). In his motion, Mr. Alam argues that the affidavit that was submitted with the application for the warrant to search his motel room and seize and search certain items found therein (Affidavit) failed to establish probable cause that two notebooks found in the motel room during the search-warrant execution might contain evidence of his alleged criminal conduct. Motion to Suppress at 9-10.

2. On May 12, 2023, the government filed a Government's Opposition to Defendant's Motion to Suppress Evidence Obtained Pursuant to Search Warrant (Government's Opposition) (ECF #63). In this opposition, in response to Mr. Alam's

1

argument about the notebooks, the government essentially just discusses how the Affidavit established probable cause to believe that, as a general matter, evidence of Mr. Alam's alleged criminal conduct might be found in his motel room. Government's Opposition at 7-8.

3. Mr. Alam does not dispute that the search-warrant affidavit established probable cause to believe that, as general matter, evidence of Mr. Alam's alleged criminal conduct might be found in his motel room. Rather, his point is that the affidavit did not establish probable cause to believe that the two notebooks found in the room might contain evidence of that activity.

4. In its opposition, the government asserts that the Affidavit "noted that many [January 6] rioters, Alam included, took steps to research and prepare for their siege on the U.S. Capitol." Government Opposition at 8. Presumably, the government makes this assertion to argue that, because the Affidavit showed that Mr. Alam was taking steps to research and prepare for the events of January 6, it therefore established that there was probable cause for believing that he would have made notes about his research and preparation in any notebooks he might have had. In making the assertion about how the Affidavit noted that Mr. Alam took steps to research and prepare for the events of January 6, the government cites ¶¶ 81-82 of the Affidavit. Id. However, ¶¶ 81-82 of the Affidavit did not establish probable cause for believing that Mr. Alam ever took steps to research and prepare for the events of January 6 in the first place, that alone that he made notes about such research and preparation in any notebooks he might have had.

5. In ¶ 81 of the Affidavit, the affiant noted how, when federal agents arrested Mr. Alam in his motel room on January 30, 2021, they observed a magazine in the room whose lead article had a title that indicated the article was about surviving and succeeding during civil unrest. The affiant claimed that the fact that Mr. Alam had this magazine in his motel room when he was arrested on January 30, 2021 provides probable cause for believing that he was preparing for "the civil unrest he participated in on January 6, 2021." Affidavit ¶ 81. This seems like an extremely speculative argument that Mr. Alam was planning for the events of January 6, that alone that he was making notes in his notebooks about such planning.

6. In ¶ 82 of the Affidavit, the affiant indicated that, when the federal agents arrested Mr. Alam in his motel room on January 30, 2021, they observed a "spiral bound notebook" in the room. The affiant claimed that there is probable cause to believe that this notebook "contains fruits, evidence, and/or instrumentalities" of Mr. Alam's alleged criminal conduct because, "[b]ased on my training and experience, and discussions with other law enforcement officers, as well as the investigation in this case and the FBI's investigation in dozens of other cases relating to the intrusion into the U.S. Capitol and rioting outside of it, I know that individuals like Alam take notes about the research, planning, and implementation of their crimes." Affidavit ¶ 82. However, as Mr. Alam points out in his Motion to Suppress, speculating about what Mr. Alam might have done based on what some other people have supposedly been known to do is not establishing particularized probable cause in regards to Mr. Alam's conduct. Motion to Suppress at 10.

7. Especially given the arguments that the government makes in its opposition to Mr. Alam's Motion to Suppress, Mr. Alam persists in his view that the Affidavit did not establish probable cause to believe that the notebooks found in his motel room during the search-warrant execution would contain evidence of his alleged criminal activity. Moreover, he persists in his view that the Affidavit was so lacking in probable cause in regards to the notebooks that the agents executing the search warrant could not, per the Leon good-faith exception, have relied on the warrant in seizing and searching the notebooks. See Motion to Suppress at 10.

## CONCLUSION

WHEREFORE, the defendant, Zachary Alam, replies to the Government's Opposition to Defendant's Motion to Suppress Evidence Obtained Pursuant to Search Warrants.

Respectfully submitted,

_____/s/_____
Jerry Ray Smith , Jr.
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101