UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-190 (DLF) |
| v. | : | |
| | : | |
| ZACHARY ALAM, | : | |
| | : | |
| Defendant | : | |
| | : | |
| | : | |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM RELATED TO COUNTS ONE AND TWO OF THE SUPERSEDING INDICTMENT

The Government files this Supplemental Memorandum related to Counts One and Two of the Superseding Indictment, and in response to the Defendant's pending motions related to multiplicity (ECF 57), unanimity (ECF 58), and a bill or particulars (ECF 59) to clarify its position regarding the charged assaults in Counts One and Two of the Superseding Indictment.

Zachary Alam is currently charged in a superseding indictment filed on November 10, 2021 with, among other charges:

### COUNT ONE

On or about January 6, 2021, within the District of Columbia, **ZACHARY JORDAN ALAM**, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby, while such persons were engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony.

**(Assaulting, Resisting, or Impeding Certain Officers,** in violation of Title 18, United States Code, Section 111 (a)(1))

### COUNT TWO

On or about January 6, 2021, within the District of Columbia, **ZACHARY JORDAN ALAM,** using a deadly or dangerous weapon, that is, a helmet, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, officers

2

from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby, while such persons were engaged in or on account of the performance of official duties.

**(Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon,** in violation of Title 18, United States Code, Sections 111(a)(1) and (b))

These counts are based on the defendant's conduct within the area of the Speaker's Lobby. The Speaker's Lobby is located directly behind the Chamber to the U.S. House of Representatives, and at the time the defendant arrived at the doors to the Speaker's Lobby, House members and staff were still being evacuated from the Chambers through the lobby. His conduct in that area included him aggressively approaching three Capitol Police officers posted in front of a set of glass-paneled doors which lead into the Speaker's Lobby. The defendant stood in the officers' faces and repeatedly lunged forward and against the officers while punching the glass panels with his bare fists, cracking the windowpanes. The defendant then took a helmet from another rioter and, as the three officers stepped to the side, repeatedly kicked the doors before smashing the glass panes with the helmet while other officers remained posted behind the doors. The defendant continued to smash the glass panes until one pane on the door and another on a sidelight were completely separated from their frame. At this point, another rioter began to climb through the broken sidelight windowpane and was shot by one of the officers still positioned inside of the doors. [1]

In response to the Court's request to clarify the conduct which constitutes the basis for the defendant's charged offenses in Count One and Two, the Government confirms that Count One and Two both relate to the assaultive event described above, in which the Defendant aggressively approached officers standing in front of the Speaker's Lobby door while others were posted behind

---

[1] The Government is providing notice that it intends to seek from the grand jury a second superseding indictment prior to the pretrial conference scheduled on July 10, 2023. This second superseding indictment will not add additional counts or charges, but instead seek to clarify language within existing counts that will avoid notice concerns previously raised by the defendant or discussed with the Court.

it, stood in the officers' faces and repeatedly lunged forward and against the officers while punching glass panes in the door, and then took a helmet from another rioter and repeatedly kicked the doors and smashed the glass panes.

Regarding the defendant's multiplicity motion, as explained previously in the United States' response to the defendant's multiplicity motion (ECF 67 at 7), the defendant's motion is not yet ripe. Any perceived multiplicity concerns can be addressed after trial, and only need be addressed if a jury returns a guilty verdict as to both Counts One and Two of the indictment. If the jury returns such a verdict, the Court can address at that time whether those Counts encompass the same factual and legal charges. *See generally United States v. Segien*, 114 F.3d 1014, 1022 (10th Cir. 1997) ("In evaluating multiple § 111 charges for multiplicity, we look to the number of distinguishable acts of assault rather than the number of federal officers assaulted. The evidence must show the actions and intent of the defendant constitute distinct successive criminal episodes, rather than two phases of a single assault."); *United States v. Weathers*, 186 F.3d 948, 952 (D.C. Cir. 1999) ("Where two violations of the same statute rather than two violations of different statutes are charged, courts determine whether a single offense is involved not by applying the *Blockburger* test, but rather by asking what act the legislature intended as the 'unit of prosecution' under the statute.").

Furthermore, if the jury *does* return guilty verdicts on both counts and the Court determines that there is a multiplicity issue, the Court may still enter judgment and sentence on both counts. If the Court of Appeals affirms both convictions, it can simply remand for the purpose of vacating one count. This less complicated, but constitutionally sound, procedure avoids issues that might arise should this Court choose to vacate a conviction on one count before sentencing, only to have the remaining count not survive on appeal.

This proposed approach to handling the defendant's multiplicity motion is one which addresses the defendant's concerns of the defendant while also protecting the government's right to bring appropriate charges and defend its convictions on appeal. Indeed, this approach has been embraced by both the D.C. Circuit and the D.C. Court of Appeals. *See, e.g.*, *United States v. Clark*, 184 F.3d 858, 872 (D.C. Cir. 1999) ("Upon finding that a defendant has been convicted of two charges for a single offense, the usual remedy is to hold that the convictions have merged and order that one be vacated. . . . We detect no prejudice, since the evidence that Clark possessed the gun and that he possessed the ammunition was identical, and since the jury would have learned of both regardless which separate charge was brought. Accordingly, the only remedy that is necessary is to 'vacate one of the underlying convictions.'"); *United States v. Hubbell*, 177 F.3d 11, 14 (D.C. Cir. 1999) ("We agree with the government that multiplicity claims are better sorted out post-trial. The factual issues . . . need development at trial, and attempting to decide such issues pre-trial would be premature."); *Ball v. United States*, 470 U.S. 856, 865 (1985) ("We emphasize that while the Government may seek a multiple-count indictment against a felon for violations of §§ 922(h) and 1202(a) involving the same weapon where a single act establishes the receipt and possession, the accused may not suffer two convictions or sentences on that indictment. . . . Should the jury return guilty verdicts for each count, however, the district judge should enter judgment on only one of the statutory offenses."); *Fuller v. United States*, 407 F.2d 1199, 1224-25 (D.C. Cir. 1967) (en banc) ("There are sound reasons for permitting the jury to render verdicts as to separate offenses even where consecutive sentences are not permitted. For example, in the murder situation, a prosecutor should be permitted to proceed on both first degree murder theories. Perhaps the jury will believe one and not the other, and perhaps the jury will believe both. We see no reason for a rule of law that would require the prosecutor to elect between the offenses before the case is sent

to the jury. Nor do we see why the jury must elect. Permitting a guilty verdict on each count -- if warranted by the facts -- may serve the useful purpose of avoiding retrials by permitting an appellate court, or a trial court on further reflection, to uphold a conviction where there is error concerning one of the counts that does not infect the other. Moreover, that course precludes a range of double jeopardy contentions."); *United States v. Manafort*, 313 F. Supp. 311, 316 (D.D.C. 2018) (citing cases); *United States v. Sanford, Ltd.*, 859 F. Supp. 2d 102, 123-24 (D.D.C. 2012) ("This harm, if it exists at all, may be remedied during the sentencing phase if the jury returns a conviction on all counts of the Superseding Indictment.");  *Garris v. United States*, 491 A.2d 511, 514-15 (D.C. 1985) ("Merger is a legal fiction. It is not a finite occurrence at a point in time. In this case, for example, appellant did both rob and murder the victim, factually two separate and distinct acts. The jury returned guilty verdicts for both offenses, and we see no reason for a rule which would require the trial judge to then enter an acquittal on the robbery charge. Initially permitting convictions on both counts serves the useful purpose of allowing this court to determine whether there is error concerning one of the counts that does not affect the other. . . . If so, then no merger problem even arises as only one conviction stands. If not, a remand to the trial court with instructions to vacate one conviction cures the double jeopardy problem without risk to society that an error free count was dismissed.").

Regarding the defendant's double jeopardy concerns both Counts One and Two of the Superseding Indictment are based upon assaultive conduct directed at multiple "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby." (ECF 36 at 2). The United States agrees that, given the specific facts of this case, the manner in which it is charged, and the theory upon which the United States is proceeding, any jury finding in this case as to either Count One or Two would preclude the United States from

later bringing additional Section 111 charges against the defendant as to other officers from the United States Capitol Police Department in the same location at the same time. *See Denezpi v. United States*, 142 S. Ct. 1838, 1844 (2022) (explaining that the Double Jeopardy Clause "does not prohibit twice placing a person 'for the same conduct or actions.' Instead, it focuses on whether successive prosecutions are for the same 'offence.'") (quoting *Gamble v. United States*, 139 S. Ct. 1960, 1965 (2019)); *Yeager v. United States*, 557 U.S. 110, 119 (2009) (explaining that a second prosecution is permissible so long as it does not require the government to "relitigate any issue that was necessarily decided by [the] acquittal in [the] prior trial."); *United States v. Cooks*, 455 F. App'x 584, 587 (6th Cir. 2012) ("[F]or purposes of 18 U.S.C. § 111, a single act of assault against multiple officers constitutes one offense, and therefore does not implicate Sixth Amendment prohibitions on duplicity.") (quotation marks omitted).

        Respectfully submitted,

        MATTHEW M. GRAVES  
        United States Attorney  
        D.C. Bar No. 481052

By:    /s/ Rebekah Lederer

        REBEKAH LEDERER  
        Pennsylvania Bar No. 320922  
        Assistant U.S. Attorney  
        601 D Street. N.W  
        Washington, DC 20530  
        (202) 252-7012  
        rebekah.lederer@usdoj.gov

        /s/ Joseph S. Smith, Jr.  
        JOSEPH S. SMITH. JR.  
        CA Bar No. 200108  
        Assistant U.S. Attorney  
        601 D Street, N.W.  
        Washington, D.C. 20530  
        (619) 546-8299  
        joseph.s.smith@usdoj.gov