UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )( |
| | )(  Criminal No. 21-190 (DLF) |
| v. | )(  Judge Friedrich |
| | )(  Pretrial Conference: July 10, 2023 |
| ZACHARY ALAM | )( |

**MOTION TO DISMISS COUNT ONE OF INDICTMENT
OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS
OR, IF NOT THAT, A SPECIAL UNANIMITY INSTRUCTION
AND POINTS AND AUTHORITY IN SUPPORT THEREOF**

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully moves this Honorable Court, pursuant to Fed. R. Crim P. 12(b)(3)((B)(v) to dismiss count one of the indictment in this case for lack of specificity. If this motion is denied on the merits or on the grounds of untimeliness, Mr. Alam alternatively moves the Court to order the government to provide him with a bill of particulars per Fed. R. Crim. P. 7(f) or, if not that, to then at least give a special unanimity instruction to the jury before it begins deliberations. In support of this motion, Mr. Alam would show:

1.  In this case Mr. Alam is charged in a eleven-count indictment. Indictment (ECF #36). In count one of the Indictment, Mr. Alam is charged with Assaulting, Resisting, or Impeding a Federal Officer under 18 U.S.C. § 111(a)(1). Specifically, Mr. Alam is charged with "forcibly assault[ing], resist[ing], imped[ing], intimidat[ing], and interfer[ing] with [certain officers], while such persons were engaged in and on account of the performance of official duties and where the acts in violation of this section involve the intent to commit another felony." Indictment at 2. Count one of the

1

Indictment does not identify what "[]other felony" Mr. Alam was purportedly intending to commit while allegedly engaging in the charged acts.

2. Because count one of the Indictment fails to identify what "[]other felony" Mr. Alam was purportedly intending to commit while allegedly engaging in the charged acts, it must be dismissed under Fed. R. Crim. P. 12(b)(3)(B)(v) for lack of specificity.

3. If the Court disagrees that count one of the Indictment should be dismissed either because it finds that the count is sufficiently specific or because it finds that a motion to dismiss it for lack of specificity should be denied on grounds of untimeliness,[1] then Mr. Alam alternatively requests that the Court order the government to provide him with a bill of particulars for count one specifying the "[]other felony" he purportedly intended to commit while allegedly engaging in the charged acts. Fed. R. Crim. P. 7(f) gives the Court authority to direct the government to file a bill of particulars.

4. If the Court declines to order the government to provide Mr. Alam with a bill of particulars specifying the felony he purportedly intended to commit while allegedly engaging in the charged acts, then Mr. Alam requests that the Court at least give a special unanimity charge to the jurors before they begin deliberations instructing them that they must unanimously agree on the specific felony that constitutes the "[]other felony" he purportedly intended to commit while allegedly engaging in the charged acts.

---

[1] Undersigned counsel acknowledges that a motion to dismiss count one for lack of specificity should have been made on or before the pretrial-motions deadline in this case. However, under Fed. R. Crim. P 12(c)(3), a court can consider an untimely motion for "good cause." Mr. Alam asks the court to find "good cause" and consider a motion to dismiss count one of the Indictment against him for lack of specificity. Undersigned counsel did not make such a motion on Mr. Alam's behalf on or before the pretrial motions deadline because he did not recognize the existence of the underlying argument until he was preparing for the pretrial motions hearing in this case. Counsel was trying to be diligent, but he overlooked the argument.

**DISCUSSION**

18 U.S.C. § 111(a) makes is illegal to forcibly assault[], resist[], oppose[], impede[], intimidate[], or interfere[] with [certain persons, including federal officers] while engaged in or on account of the performance of official duties." Where acts violating § 111(a)(1) "involve… the intent to commit another felony," a person committing those acts is subject to a maximum prison sentence of eight years. 18 U.S.C. § 111(a). Thus, where a person is charged with an eight-year felony for violating § 111(a)(1) by engaging in acts that "involve… the intent to commit another felony," in order for him to be convicted of such eight-year felony, it must be proved that he specifically intended to commit another felony while engaging in those proscribed acts. Given this specific-intent requirement, count one of the indictment against Mr. Alam must specifically allege which felony is the "[]other felony" that he intended to commit while engaging in the charged acts.

In United States v. Thomas, 444 F.2d 919 (1971), the United States Court of Appeals for the District of Columbia, addressed a situation that was similar to Mr. Alam's. In Thomas, the defendant had been charged with burglary under D.C. Code § 22-1801(a) (1970). 444 F.2d at 920-21. Among other things, that statute made it illegal to enter the dwelling of another "with the intent to commit any criminal offense." D.C. Code 22-1801(a) (1970); see also Thomas, 444 F.2d at 920-21. The burglary count in the indictment against the defendant in Thomas alleged that he entered the dwelling of a particular individual "with the intent to commit a criminal offense therein." The burglary count did not allege which criminal offense the defendant intended to commit upon

3

entering the indicated dwelling. 444 F.2d at 920. Because the burglary count did not allege this criminal offense, the D.C. Circuit found that the burglary count lacked sufficient specificity to be allowed to stand. Id. at 922. In reaching this holding, the Court in Thomas quoted United States v. Cruikshank, 92 U.S. 542 (1875):

> [I]t is an elementary principle of criminal pleading, that where the definition of offence, whether it be at common law or by statue, includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as the definition; but it must state the species,—it must descend to particulars.

Thomas, 444 F.2d at 921-22 (quoting Cruikshank, 92 U.S. at 558).

In finding that the burglary count at issue in Thomas was insufficiently specific because it failed to allege the specific criminal offense the defendant intended to commit when he entered the indicated dwelling, the Court noted that, "[w]hile it is ordinarily proper for an indictment to be drawn in the language of the applicable statute, the case is otherwise when the statute does not fully contain each element of the offense." Id. at 921 (citing cases) (emphasis added). In so noting, the Court was thus recognizing that the specific criminal offense the defendant intended to commit by entering the indicated dwelling is an element of the burglary he was charged with that must therefore be pleaded and proved. Indeed, the Court expressly indicated that specific criminal offense the defendant intended to commit is a "material element" of the burglary he was charged with. Id. at 922.

The same flaw in the burglary count at issue in Thomas is also present in count one of the indictment against Mr. Alam. Just as the burglary count in Thomas failed to identify which "criminal offense" the defendant there intended to commit upon entering

the indicated dwelling, count one of the indictment against Mr. Alam fails to specify which what "[]other felony" he intended to commit while engaging in the charged acts. Accordingly, count one should not be allowed to stand because it lacks sufficient specificity.

In the event the Court refuses to dismiss count one of the indictment against Mr. Alam either because it disagrees substantively with the argument being made here or because it finds that a motion to dismiss that count for lack of specificity should be denied on untimeliness grounds, then Mr. Alam alternatively requests that the Court order the government to provide him with a bill of particulars for count one specifying the felony he purportedly intended to commit while allegedly engaging in the charged acts. Fed. R. Crim. P. 7(f) gives the Court authority to direct the government to file a bill of particulars.  In 1966, Rule 7(f) was amended to eliminate any requirement that a defendant make a showing of cause to obtain a bill of particulars.  This amendment was made "to encourage a more liberal attitude by the courts to bills of particulars." Fed. R. Crim. P. 7(f) ADVSISORY COMMITTEE NOTES (1966 Amendments).  A bill of particulars serves three purposes.  It aids a defendant in preparing for trial, helps to eliminate surprise at trial, and protects against double jeopardy. United States v. Burt, 765 F.2d 1364, 1367 (9th Cir. 1995); United States v. Schembari, 484 F.2d 931, 934-35 (4th Cir. 1973).  Given the fact that the specific felony that Mr. Alam is alleged to have intended to commit is a material element of the charge in count one, Mr. Alam submits

that a bill of particulars identifying what that felony is is required to protect him against double jeopardy.[2]

In the event that the Court disagrees with Mr. Alam that he is entitled to a bill of particulars for count one, then Mr. Alam requests that the Court at least give a special unanimity charge to the jurors before deliberations instructing them that, in order to convict him on count one, they must at least agree on what specific felony he intended to commit while engaging in the charged acts.  In criminal cases, jury unanimity on each element of the charged offense is required by the Sixth Amendment to the United States Constitution.  See Ramos v. Louisiana, 140 S.Ct. 1390, 1396 (2020) ("This Court has, repeatedly and over many years, recognized that the Sixth Amendment requires unanimity.").

---

[2] A defendant may move for a bill of particulars before or within fourteen days after arraignment "or at a later time if the court permits." Fed. R. Crim. P. 7(f).  Mr. Alam was arraigned on the Indictment over a year ago.  Accordingly, he moves the Court to permit him to seek a bill of particulars at this time.  The bill of particulars that Mr. Alam seeks to have the government file is a simple one.

**CONCLUSION**

WHEREFORE, the defendant, Zachary Alam, moves this Honorable Court to dismiss count one of the indictment in this case. If this motion is denied on the merits or on the grounds of untimeliness, Mr. Alam alternatively moves the Court to order the government to provide him with a bill of particulars or, if not that, to then at least give a special unanimity instruction to the jury before it begins deliberations.

Respectfully submitted,

\_\_\_\_/s/_____
Jerry Ray Smith, Jr.
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101