UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| UNITED STATES OF AMERICA | )( | |
|---|---|---|
| | )( | Criminal No. 21-190 (DLF) |
| v. | )( | Judge Friedrich |
| | )( | Pretrial Conference: July 10, 2023 |
| ZACHARY ALAM | )( | |

## ADDITIONAL PROPOSED JURY INSTRUCTIONS

COMES NOW the defendant, Zachary Alam, by and through undersigned counsel, and respectfully moves this Honorable Court to use the following jury instructions in addition to the ones the parties have already proposed. Towards this end, Mr. Alam would show:

1. In this case, Mr. Alam is charged in an eleven-count indictment. Indictment (ECF #36)

2. On August 15, 2022, the parties jointly submitted proposed jury instructions for this case.   Notice of Filing Joint Statement of the Case, Jury Instructions, and Verdict Form, Ex. 2, Final Jury Instructions (ECF #51-2).

3. Mr. Alam now requests the Court to use additional jury instructions for three of the eleven counts he is charged with.

4. In count one of the Indictment, Mr. Alam is charged with Assaulting, Resisting, or Impeding Certain Officers in violation of 18 U.S.C. § 111(a)(1).  In connection with count one, Mr. Alam request that the following instruction be given:

> In order to find Mr. Alam guilty on count one, you must find that he forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with United States Capitol Police Department Officers located on both sides of the door in proximity to the Speaker's Lobby.  In order to find that he forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with those officers, you

1

      must find that, at a minimum, he assaulted them. "Assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so.

As authority for this instruction, Mr. Alam cites <u>United States v. Wolfname</u> 835 F.3d 1214, 1219 (A conviction for any of the acts listed in § 111(a)(1) "necessarily involves—at a minimum—simple assault. Accordingly, assault is necessarily an element of any § 111(a)(1) conviction.").

      5.     In count two of the Indictment, Mr. Alam is charged with Assaulting, Resisting, or Impeding Certain Officers Using a Dangerous Weapon in violation of 18 U.S.C. § 111(a)(1) and (b). In connection with count two, Mr. Alam requests that the following instruction be given:

      In order to find Mr. Alam guilty on count two, you must find that he forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with United States Capitol Police Department Officers located on both sides of the door in proximity to the Speaker's Lobby using a deadly or dangerous weapon. In order to find that he forcibly engaged in the listed acts using a deadly or dangerous weapon, you must find that he either made physical contact with the officers with an object that, as used, is capable of causing great bodily injury or that he threatened the officers with such an object.

As authority for this instruction, Mr. Alam cites <u>Gray v. United States</u>, 980 F.3d 264, 266-67 (2nd Cir. 2020); <u>Bullock v. United States</u>, 970 F.3d 210, 215 (3rd Cir. 2020); <u>United States v. Taylor</u>, 848 F.3d 476, 494 (1st Cir. 2017).

      6.     In count five of the Indictment, Mr. Alam is charged with Obstruction of an Official Proceeding and Aiding and Abetting in violation of 18 U.S.C. § 1512(c)(2) and 2. In connection with count five, Mr. Alam requests that the following instruction be given:

> In order to find Mr. Alam guilty on count five, you must find that he acted "corruptly." In order to find that he acted "corruptly," you must find that he acted with the intent to procure an unlawful benefit either for himself or for some other person.

This instruction is from United States v. Fischer, 64 F.4th 329, 357 (Walker, J., concurring). In Fischer, the lead judge of a three-judge panel held that 18 U.S.C. § 1512(c)(2) "applies to all forms of corrupt obstructive conduct of an official proceeding, other than the conduct that is already covered by 18 U.S.C. § 1512(c)(1)." 64 F.4th at 336. A dissenting judge, however, concluded that that § 1512(c)(2) only applies to conduct that, like the conduct covered § 1512(c)(1), impacts evidence. Id. at 370 (Katsas, J., dissenting). The third judge broke the tie, agreeing with the lead judge. Id. at 351 (Walker, J., concurring). However, the concurring judge only found that § 1512(c)(2) could be understood as having the broad reach that the lead judge gives it if the word "corruptly" at the beginning of § 1512(c) that provides the mens rea element for § 1512(c)(2) is understood to have a narrow meaning that effectively compensates for the fact that § 1512(c)(2) would otherwise be unconstitutionally overbroad in its reach—that is, only if "corruptly" is specifically understood to mean "act[ing] 'with an intent to procure an unlawful benefit either for [one]self or for some other person.'" Id. The concurring judge indicated that it is only because he gives "corruptly" this narrow meaning that he finds that § 1512(c)(2) can be understood as having the broad reach that the lead judge gives it. Id. at 362 & n.10. The concurring judge expressly noted that, if he did not so find that "corruptly" has the specific and narrow meaning he assigns it, he would side with the dissent in finding that § 1512(c)(2) only applies to conduct that impacts evidence. Id. Given the above, Mr. Alam submits that the holding of Fischer is

that, in order for § 1512(c)(2) to be understood in a way that is not unconstitutionally overbroad, the word "corruptly" at the beginning of § 1512(c) must be understood as meaning "acting with an intent to procure an unlawful benefit either for [one]self or for some other person." Beyond this, Mr. Alam submits that the concurring judge's reasons for finding that "corruptly" must be given the meaning he assigns it are persuasive.

WHEREFORE, the defendant, Zachary Alam, moves this Honorable Court to use the above jury instructions in addition to the ones the parties have already proposed.

Respectfully submitted,

/s/
Counsel for Zachary Alam
D.C. Bar No. 448699
717 D Street, N.W.
Suite 310
Washington, DC 20004
E-mail: jerryraysmith@verizon.net
Phone: (202) 347-6101