UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-190-DLF |
| v. | : | |
| | : | |
| ZACHARY JORDAN ALAM, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COUNT ONE, OR, ALTERNATIVELY, FOR A BILL OF PARTICULARS, OR A SPECIAL UNANIMITY INSTRUCTION**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant Zachary Alam's Motion as it relates to Count One. Count One charges Alam in violation of 18 U.S.C. §111(a). The Defendant is seeking dismissal of Count One claiming the indictment to be insufficient. In the alternative, Defendant Alam seeks a bill of particulars or a special unanimity instruction. Zachary Alam is currently charged in a superseding indictment filed on November 10, 2021, with, among other charges:

COUNT ONE

On or about January 6, 2021, within the District of Columbia, ZACHARY JORDAN ALAM, did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States, and of any branch of the United States Government (including any member of the uniformed services), that is, officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby, while such persons were engaged in and on account of the performance of official duties, and where the acts in violation of this section involve the intent to commit another felony.

(**Assaulting, Resisting, or Impeding Certain Officers**, in violation of Title 18, United States Code, Section 111 (a)(1))[1]

---

[1] The government will be superseding to correct language in Count 1, that correction does not impact the argument made in Defense's present motion.

1

I.  **The Language in Count One is Sufficient**

   a.  **Legal Standard**

As the D.C. Circuit explained in *United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976), "[a]lthough an indictment must – in order to fulfill constitutional requirements – apprise the defendants of the essential elements of the offense with which they are charged, neither the Constitution, the Federal Rules of Criminal Procedure, nor any other authority suggests that an indictment must put the defendants on notice as to every means by which the prosecution hopes to prove that the crime was committed." *Id*. at 124. Indeed, "the validity of an indictment 'is not a question of whether it could have been more definite and certain.'" *United States v. Verrusio*, 762 F.3d 1, 13 (D.C. Cir. 2014) (quoting *United States v. Debrow*, 346 U.S. 374, 378 (1953)). "While detailed allegations might well have been required under common-law pleading rules, . . . they surely are not contemplated by Rule 7(c)(1), which provides that an indictment 'shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged.'" *United States v. Resendiz-Ponce*, 549 U.S. 102, 110 (2007). As a mere notice pleading, an indictment is sufficient if it "contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend." *Id*. at 108; *Haldeman*, 559 F.2d at 123 ("The validity of alleging the elements of an offense in the language of the statute is, of course, well established."). Only in the rare case in which "guilt depends so crucially upon . . . a specific identification of fact" not included in the statutory language will an indictment that restates the statute's language be insufficient. *Haldeman*, 559 F.2d at 125 (quoting *Russell v. United States*, 369 U.S. 749, 764 (1962)).

### b. Argument

Defendant argues that the indictment must specify the underlying felony on which Count One rests. Judge Hogan rejected these same arguments in *United States v. Sargent*, No. 21-cr-258, ECF No. 50. Sargent's indictment alleged violations of Section 111(a) using identical language to that in Alam's Superseding Indictment regarding "intent to commit a felony." Sargent moved to dismiss, arguing that the indictment language lacked necessary factual detail. Judge Hogan's remarked that "neither Rule 7(c)(1) nor the Constitution require the government to explicitly identify in the indictment the felony on which Count Two rests." *Sargent* at 14. As Judge Hogan stated the "government is free to seek an indictment on two theories and pursue one or both at trial." *Id*. Judge Hogan also considered the *Thomas* case that Defendant Alam relies heavily on in his motion. Judge Hogan stated, in his denial of defense's motion, that per *Thomas* dismissal is only warranted when a "material element" is omitted." *Sargent* at 19, Footnote 1.[2]

The underlying felony, or felonies, in this case is clear and listed in the indictment. Defendant is only charged with two felonies: one in violation of 18 U.S.C. §§ 231(a)(3) and the other in violation §§ 1512(c)(2) and 2. The government can proceed, at trial, under the theory that both, and either, are the underlying felonies on which Count One rests.

## II. A Bill of Particulars and Unanimity Instructions are Not Necessary

### a. Legal Standard

Defendant alternatively seeks a bill of particulars or, if denied, an unanimity instruction. The government refers to the legal standard outline its responses in ECF No. 65 and ECF No. 66. Incorporating the legal arguments laid out in those filings, a bill of particulars and an unanimity

---

[2] Judge Hogan did order a bill of particulars in the Sargent case for two counts, citing lack of clarity in facts which included a lack of victims, time, and location. Alam's indictment is more precise as it identifies locations and victims.

instruction should be denied.    Additionally, the Supreme Court addressed similar arguments recently when rejecting an unanimity instruction.  In *Mathis v. United States*, 579 U.S. 500, 506 (2016), the court held that there are several possible means the defendant used to commit an element of the crime. (See also *Richardson v. United States*, 526 U.S. 813, 817 (1999)).  In *Mathis* the Court referred to

"a hypothetical adapted from two of our prior decisions, suppose a statute requires use of a "deadly weapon" as an element of a crime and further provides that the use of a "knife, gun, bat, or similar weapon" would all qualify. *See Descamps*, 570 U. S., at 271; *Richardson*, 526 U.S., at 817. Because that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors "conclude[d] that the defendant used a knife" while others "conclude[d] he used a gun," so long as all agreed that the defendant used a "deadly weapon." *Ibid.*; *see Descamps*, 570 U. S., at 270 (describing means, for this reason, as "legally extraneous circumstances").

      **b.  Argument**

      First, a bill of particulars is unnecessary because the indictment clearly notifies the Defendant of both underlying felonies.  Furthermore, the indictment also is more specific than that of Sargent's.  The Defendant was assaulting officers in the Speaker's Lobby with the intent to both create disorder and to access the House floor to stop the certification.   Second, an unanimity instruction is not necessary.  As courts have held, juries need not unanimously agree on the underlying fact that proves an element, so long as they agree there was an intent to commit an underlying felony.

### III. CONCLUSION

For the foregoing reasons, the defendant's motion (ECF No. 76 and 77) should be denied.

    Respectfully submitted,

    MATTHEW M. GRAVES
    United States Attorney
    D.C. Bar No. 481052


By:    */s/ Rebekah Lederer*
    Rebekah Lederer
    Pennsylvania Bar No. 320922
    Assistant United States Attorney
    U.S Attorney's Office for District of Columbia 601 D St. N.W, Washington, DC 20530
    (202) 252-7012
    rebekah.lederer@usdoj.gov

    */s/ Joseph S. Smith, Jr.*
    Joseph S. Smith, Jr.
    CA Bar No. 200108
    Assistant U.S. Attorney
    601 D Street, N.W. Washington, D.C. 20530
    (619) 546-8299
    joseph.s.smith@usdoj.gov