UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 21-cr-190 (DLF) |
| | : | |
| ZACHARY ALAM, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S RESPONSE TO
## DEFENDANT'S PROPOSED VOIR DIRE

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response to the Defendant's proposed voir dire questions (ECF No. 78.) The Court had previous filed its proposed voir dire questions(ECF No. 73). The Government objects to the Defendant's proposed additional voir dire questions as each of the proposed questions is either cumulative of questions already proposed by the Court and unnecessary, or improper.

A.  **GOVERNMENT'S OBJECTIONS**

Defense Proposed Question (a) – The Government objects to this question as it is cumulative to the Court's Proposed Question #12. In addition, Defense Proposed Question (a) is improper and confusing as it uses the language "personally satisfied that the verdict on any charge is *the right one*." (emphasis added) with no further clarification of what a right verdict is, inviting improper jury nullification.

Defense Proposed Question (b) – The Government objects to this question as it is cumulative to the Court's Proposed Question #15. In addition, Defense Proposed Question (b) uses language which fails to provide greater insight into potential challenges for cause and instead

1

unnecessarily injects confusion into the process in asking potential jurors if they "have any questions or concerns about your ability to follow to [the Court's] instructions."

Defense Proposed Question (c) – The Government objects to this question as it is cumulative to the Court's Proposed Questions #3, #4, and #5.

Defense Proposed Question (d) – The Government objects to this instruction as it is cumulative to the Court's Proposed Questions #5 and #6.

Defense Proposed Question (e) – The Government objects to this question as it is cumulative to the Court's Proposed Questions #5 and #6. In addition, the language of Defense Proposed Question (e) uses general, vague, and speculative language which risks injecting confusion in jurors' minds as to how to define "people who *participated in the events* at the U.S. Capitol" and whether they "are *likely guilty* of criminal wrongdoing." (emphasis added)

Defense Proposed Question (f) – The Government objects to this question as such information does not form the basis for a challenge for cause and is adequately covered in the Court's Proposed Question #15.

Defense Proposed Question (g) – The Government objects to this question as it is cumulative to the Court's Proposed Questions #3 and #4.

Defense Proposed Question (h) – The Government objects to this question as it is cumulative to the Court's Proposed Questions #16 and #17.

Regarding each of the Defendant's proposed voir dire questions, the Court's Proposed Voir Dire Question #25, the Catch-All Question, will adequately address any residual concerns of the Defendant as to the empanelment of a fair and impartial jury. In addition, it is the understanding of undersigned counsel that, consistent with the Court's Pretrial Order (ECF No. 81 at 4), the Court will summarize the jury selection process at the pre-trial conference. Subject to the specific

direction given at the pre-trial conference, the Government understands that the general practice in this District is that the Court conducts voir dire by posing a set of questions to the entire jury panel and then follows up with individualized questions to prospective jurors. Given that each of the Defendant's proposed additional voir dire questions are cumulative to those already proposed by the Court, any relevant follow-up can be conducted with each prospective juror to identify any potential challenges for cause. The government suggests that any follow-up questions desired by counsel be proposed to the Court outside the presence of the prospective juror. The opposing party can state their position, and the Court can determine what questions are relevant and pose those questions to the prospective juror.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:   /s/ Rebekah Lederer
REBEKAH LEDERER
Pennsylvania Bar No. 320922
Assistant U.S. Attorney
601 D Sreet. N.W
Washington, DC 20530
(202) 252-7012
rebekah.lederer@usdoj.gov

/s/ Joseph S. Smith, Jr.
JOSEPH S. SMITH. JR.
CA Bar No. 200108
Assistant U.S. Attorney
601 D Street, N.W.
Washington, D.C. 20530
(619) 546-8299
joseph.s.smith@usdoj.gov