UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-cr-190 (DLF) |
| v. | : | |
| | : | |
| ZACHARY ALAM, | : | |
| | : | |
| Defendant. | : | |

## GOVERNMENT'S UNOPPOSED MOTION TO AMEND COUNT ONE OF THE INDICTMENT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves to strike and interlineate language in Count One of the second superseding indictment in this case. For the reasons set forth below, the Government moves, with no objection from the defendant, for the Court to strike the language "located on both sides of the door" and interlineate the language "TL, KY, and CL."

I.   **Background**

The second superseding indictment charges the defendant in Count One with a violation of Title 18, United States Code, Section 111(a). The indictment presently charges that the defendant "did forcibly assault, resist, oppose, impede, intimidate, and interfere with, an officer and employee of the United States… that is, officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby…."

The United States has subsequently asserted to the Court that it has elected to proceed on Count One only as to the three officers located in front of the Speaker's Lobby, Officers TL, KY, and CL. The United States therefore moves this Court to amend the language in Count One to reflect that intent. The defendant, through counsel, stated in court that he has no objection to that amendment. The proposed amendment of the indictment would change the relevant language of

Count One from "officers from the United States Capitol Police Department located on both sides of the door in proximity to the Speaker's Lobby" to "officers from the United States Capitol Police Department TL, KY, and CL, in proximity to the Speaker's Lobby…."

Based upon the above information, the government moves the Court to amend the charging language in Count One of the second superseding indictment as requested.

**II.    Argument**

The Fifth Amendment of the Constitution requires that the prosecution of a criminal defendant facing a felony charge "be begun by indictment." *Stirone v. United States*, 361 U.S. 212, 215 (1960). Once an indictment has issued, that charge "may not be broadened through amendment except by the grand jury itself." *Id.* at 216. By contrast, where the indictment "fully and clearly" charges an offense's elements, no constitutional infirmity arises if that indictment "alleges more crimes or other means of committing the same crime." *United States v. Miller*, 471 U.S. 130, 136 (1985). Thus, language in the indictment that is "unnecessary to and independent of" the offense's allegations "may normally be treated as 'a useless averment' that 'may be ignored.'" *Id.* (quoting *Ford v. United States*, 273 U.S. 593, 602 (1927)).

A court therefore has the authority "to drop from an indictment those allegations that are unnecessary to an offense that is clearly contained within it." *Miller*, 471 U.S. at 144; *see United States v. Quinn*, 401 F. Supp. 2d 80, 90 (D.D.C. 2005) (granting government motion to strike from an indictment language that referred not to "essential elements" but instead to "different means by which the defendants committed an alleged offense (any one which alone could support a conviction)"); *see also United States v. Holland*, 117 F.3d 589, 594-95 (D.C. Cir. 1997) ("Paring down the conspiracy's time frame added no new charges to the indictment" and thus did not require re-submission to the grand jury). In *United States v. Poindexter*, 719 F. Supp. 6 (D.D.C. 1989)

(Greene, J.), the government sought to narrow a conspiracy charge by dropping all language referring to one object of the alleged scheme. *Id.* at 7. In granting that motion, Judge Greene concluded that striking language from an indictment was consistent with the Constitution because "(1) the indictment as so narrowed constitute[d] a completed criminal offense, and (2) the offense [wa]s contained in the indictment as originally returned." *Id.* at 9.

Here, after striking and interlineating the language that the government requests, Count One of the indictment continues to state a viable offense that has been in the charging document since the date of its return by the grand jury. In Count One, the key language on which the Section 111 charge relies—that the defendant did forcibly assault, resist, oppose, impede, intimidate, and interfere with an officer, that is, officers from the United States Capitol Police Department - remains. Deleting the language, "located on both sides of the door" and interlineating the language "TL, KY, and CL" "simply 'narrows' the scope of the charges, which 'adds nothing new to the grand jury's indictment and constitutes no impermissible broadening.'" *Quinn*, 401 F. Supp. 2d at 90 (quoting *Holland*, 117 F.3d at 595) (brackets from quotation omitted).

**III.     Conclusion**

For the foregoing reasons, the Government respectfully requests this motion to amend be granted and that the above-referenced language be stricken and interlineated in Count One of the Second Superseding Indictment in this case.

                                    Respectfully submitted,

                                    MATTHEW M. GRAVES
                                  United States Attorney
                                  D.C. Bar No. 481052

By:    /s/ Joseph S. Smith, Jr
        Assistant United States Attorney
        United States Attorney's Office
        601 D Street, N.W. Washington, D.C. 20530
        Joseph.s.smith@usdoj.gov

        /s/ Rebekah Lederer
        REBEKAH LEDERER
        Assistant United States Attorney
        United States Attorney's Office
        601 D Street, N.W. Washington, D.C. 20530
        Rekeah.lederer@usdoj.gov