UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CASE NO. 21-CR-190 (DLF) |
| v. | : | |
| | : | |
| ZACHARY ALAM, | : | |
| | : | |
| **Defendant** | : | |

### GOVERNMENT'S MOTION FOR LEAVE TO RE-OPEN CASE

The United States moves this Court for leave to re-open its case for the limited purpose of presenting brief testimony from a noticed witness who was unavailable during the first two days of trial. The Government acknowledges its duty to ensure the availability of witnesses and to anticipate potential some delays in trial but the particular facts of this case warrant the Court exercising its discretion to allow the Government to re-open its case in a limited manner and in a way that does not prejudice the defendant.

### FACTUAL AND PROCEDURAL BACKGROUND

In the present case, a jury trial was set to commence on Tuesday, September 6, 2023. The defendant was charged with ten criminal offenses based upon his conduct on January 6, 2021. In advance of trial, the Government noticed its intent to call eight witnesses for trial. One witness, Jason McIntyre, Deputy Superintendent at the Office of the Architect of the Capitol, informed Government counsel that he had limited availability that week and would be unable to testify Thursday or Friday, September 8 and 9, 2023. Government counsel was prepared to call Mr. McIntyre as its first witness at trial . But as this Court knows, jury selection took two full days.

Given the delayed start, Mr. McIntyre adjusted his schedule to be available for a limited period of time on Thursday morning, September 8th, in order to testify. However, the court day

was adjusted to start late that day due to a hearing that Defense Counsel had in another case and given the delay and the need for opening statements prior to his testimony, Mr. McIntyre could not be called. Unable to call him at that time, the Government estimated that its trial presentation would not be complete until Monday, September 11th, given the anticipated direct and cross-examination of seven additional witnesses. However, the United States completed its presentation of evidence from the other seven witnesses by the afternoon on Friday, September 9th.

On the morning of September 9th, during a discussion with the Court about the remaining witnesses, the Government listed the three remaining available witnesses it was to call that day and alerted the Court to the unavailability of Mr. McIntyre on that day. Counsel for the Government stated, "[y]our Honor, as far as Mr. McIntyre, if Your Honor will let us conditionally rest, or if the defense is going to start their case Monday, we would ask permission to either reopen or not formally rest our case until Monday. He is a witness who, I believe very conservatively, the most time he would take is half an hour with direct and cross." The Court replied, "I know. We need time. I've got other case hearings, other matters next week. It depends when we end. If it's 4:30, fine. If it's 3:30, we're going to keep going…." Tr. 838-39.

As the last Government witness was on the stand and the jury had been excused for a recess, the Government attempted to again address the testimony of Mr. McIntyre, at which point the Court responded that it was not prepared to wait until the witness was available. Given the Court's order, the United States concluded the presentation of the remainder of its case that afternoon and rested.

The defendant then made a motion under Fed. R. Crim. 29. The entirety of the motion, as it related to Count Four (Destruction of Government Property), was "now that they rested, I would move for the felony charges of the destruction of property to be dismissed as a matter of law so

that the only thing remaining that the jury could be instructed on is the misdemeanor." Tr. 966. The Court thereafter deferred ruling of the Rule 29 motion. *Id.* As this Court knows, the purpose of Mr. McIntyre's limited testimony is to establish the value of the windows broken by the defendant, the subsequent repair costs, and the ownership of such windows. In other words, Mr. McIntyre's testimony is directly connected to Count 4.

The defendant then presented an opening statement that afternoon but did not call any witnesses, reserving that for the following court day, Monday September 11, 2023. Notably in its opening statement, the Defense did not make mention of a lack of proof as to the breaking of the windows nor a lack of proof of the valued loss. Instead, the defendant, through counsel, stated:

> Next stupid part is the destruction of government property. You see him hit these windows. But I don't even think that he knew why he was hitting these windows. He didn't know who was directly behind there. He -- again, he's swept up into something much bigger than him. Should he have done that? No. But nobody knew what was going on at that point in time. The officers didn't know who was back there. The officers stopped caring who was back there. An officer shot someone who ultimately was standing in front of him and killed her at that point in time. That's how much we're talking about "didn't know exactly what was going on at that time." Something so stupid and ridiculous as getting caught up into this hype led to the death of a woman and led to Mr. Alam, who never would have done this before, breaking four windows.

Tr. 973-974

Mr. McIntyre is available to testify Monday morning at the start of the trial day. His unavailability on Thursday was due to unforeseen important personal family responsibilities which could not be adjusted involving a family death. The Government can proffer additional facts related to his unavailability if necessary. Despite these family commitments, Mr. McIntyre made an earnest effort to adjust his schedule to be available for a limited period of time on Thursday morning, September 8th, albeit unsuccessfully given the additional delays in this trial

## DISCUSSION

"The reopening of a criminal case after the close of evidence is within the discretion of the trial judge. *See United States v. Walker*, 772 F.2d 1172, 1177 (5th Cir. 1985); *United States v. Molinares*, 700 F.2d 647,652 (11th Cir. 1983)." *U.S. v. Paz*, 927 F.2d 176, 176 (4th Cir. 1991).

Here, although regrettable, the various delays in trial cannot afford the defendant an unwarranted windfall related to multiple felony charges based on his conduct. Although the government formally rested, no additional evidence from either party has been introduced. Nothing about the defendant's opening or his presentation thus far is adversely affected by the introduction of this limited testimony. Moreover, the defendant has had ample notice of the government's intent to offer such offer, as it underlies an actual element of one of the charges. Despite the defendant's Rule 29 motion – which has been deferred – the defendant does not meaningfully contest the value of the damage in this case. Finally, the government repeatedly attempted to procure the witness's testimony. Given the lack of bad faith present here, coupled with the importance of such testimony, this Court can and should appropriately exercise its discretion to permit his testimony. *See United States v. Hargett*, 797 Fed. Appx 765, 768-89 (4th Cir. 2020) (finding that the government reasonable explained that its failure to present a specific piece of evidence was "inadvertent" and the defendant did not contest the relevance of admissibility of the testimony or suggest that he was surprised by it, and the testimony was helpful to the jury) ("[T]he reopening did not prejudice Hargett, deny him a fair opportunity to respond to the additional evidence, or imbue [] testimony with distorted importance."). *Contra United States v. Bayer*, 331 U.S. 532, 538 (1947) (reversing reopening of government's case *after* the jury had heard closings and begun deliberations and there was no opportunity for cross-examination or commentary on the new evidence).

**CONCLUSION**

Given the lack of prejudice to the defense, the unanticipated delays in the progress of the trial, and the legitimate availability constraints of the witness, the Government requests leave of the Court to re-open its case for this limited testimony.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar No. 481052

By:   */s/ Rebekah Lederer*
Rebekah Lederer
Pennsylvania Bar No. 320922 Assistant
United States Attorney
U.S Attorney's Office for District of Columbia 601
D St. N.W, Washington, DC 20530
(202) 252-7012
rebekah.lederer@usdoj.gov

*/s/ Joseph S. Smith, Jr.*
Joseph S. Smith, Jr.
CA Bar No. 200108
Assistant U.S. Attorney
601 D Street, N.W. Washington, D.C. 20530
(619) 546-8299
joseph.s.smith@usdoj.gov