IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

UNITED STATES OF AMERICA,

        *v.*

ZACHARY JORDAN ALAM,

        *Defendant*.

No. 1:21-cr-00901 (DLF)

## **DEFENDANT ALAM'S MOTION FOR JUDGMENT OF ACQUITTAL AND FOR A NEW TRIAL AS TO COUNTS**

At the close of the Government's case, the defendant, Zachary Alam, through counsel, moved for a Judgment of Acquittal, pursuant to Rule 29 of the Federal Rules of Criminal Procedure. The Court reserved decision on that motion. After the jury returned a verdict convicting Mr. Alam of several counts, the Court directed the parties to file any motions raising either Rule 29 or Rule 33 claims.

Mr. Alam seeks a judgment of acquittal as to the assault count, and the 18 USC 1512 (hereafter "1512 count"). In addition, or, in the alternative in the event that his motion for a judgment of acquittal is denied as to any or all counts, he seeks a new trial to the counts on which he was convicted.

**I.     LEGAL STANDARD**

Rule 29 of the Federal Rules of Criminal Procedure allows a Judgment of Acquittal upon a motion, where such statute states the following:

> (a) Before Submission to the Jury. This part of the rule allows the motion after the government closes its case in chief or after the close of all evidence. The court must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction.
>
> (b) Reservation of Decision on Motion. The court may reserve decision on a motion for judgment of acquittal, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict
> . . . .
>
> (c) Motion After Jury Verdict or Discharge. (1) Time for a Motion. A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later. (2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and return an acquittal. . . .

"The court may not permit a jury to render a guilty verdict based on 'ambiguous evidence' from the government, which encourages the jury to 'engage in speculation.' *Bailey v. United States*, 416 F.2d 1110, 1116 (D.C. Cir. 1969) Evidence is insufficient to sustain a conviction when it goes no further than to "raise a question [of guilt] in a reasonable man's mind" or "create suspicion." *Cooper v. United States*,

218 F.2d 39, 42 (D.C. Cir. 1954). Even when evidence raises a "grave suspicion" in the reasonable juror's mind as to guilt, it is insufficient to support a verdict, unless proof of guilt beyond "a reasonable doubt" is possible on the evidence. *Scott v. United States*, 232 F.2d 362, 364 (D.C. Cir. 1956). In other words, "some evidence of guilt" is not enough. *United States v. Valle*, 807 F.3d 508, 515 (2d Cir. 2015).

Under Rule 33, the Court "may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a).

"The rules do not define 'interests of justice' and courts have had little success in trying to generalize its meaning," but the D.C. Circuit has held that 'granting a new trial is warranted only in those limited circumstances where a serious miscarriage of justice may have occurred.' *United States v. Wheeler*, 753 F.3d 200, 208, 410 U.S. App. D.C. 87 (D.C. Cir. 2014) (quotation marks omitted). [A movant]… bears the burden of showing that a new trial is justified, *United States v. Mangieri*, 694 F.2d 1270, 1285, 224 U.S. App. D.C. 295 (D.C. Cir. 1982), and the Court has 'broad discretion' in assessing his efforts to carry that burden, *Wheeler*, 753 F.3d at 208.

II. **ARGUMENT**

**POINT ONE
THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT
CONVICTIONS OF THE ASSAULT CHARGES
UNDER 18 USC 111 (A)(1)**

Mr. Alam was wrongly convicted of Count 1, assault on officers because, among other factors, Alam never touched these officers, whom all then safely moved away from Alam.

No reasonable jury could have convicted Alam of count 1, assault.

This is what the facts established at trial: (1) Alam puts his arms out in protection of the officers, (2) Both officers testified that they never said that Alam brushed up against them till now, (3) They were focused on the numbers of people (4) SA Yetter's emotions also come from him being mad at his own department.

A person acts "forcibly" if he used force, attempted to use force, or **threatened to use force against the officer.**

Physical force or contact is sufficient but actual physical contact is not required. You may also find that a person who has **the present ability to inflict bodily harm upon another** and who threatens or attempts to inflict bodily harm upon that person acts forcibly.

In such case, the threat must be a present one. Here, there was no threat. There was no ability to inflict bodily harm upon another.

The term "assault" means any intentional attempt or threat to inflict injury upon someone else, when coupled with an apparent present ability to do so. Overall, a reasonable jury could not have found that Alam committed an "assault" because there was insufficient proof to find beyond a reasonable doubt that the defendant intended to inflict or to threaten injury. Injury means any physical injury, however small, including a touching offensive to a person of reasonable sensibility.

"The court may not permit a jury to render a guilty verdict based on 'ambiguous evidence' from the government, which encourages the jury to 'engage in speculation." *Bailey v. United States*, 416 F.2d 1110, 1116 (D.C. Cir. 1969). Because the government did not present evidence to prove every element for the Assault count, where a rational, fair, and impartial jury could find guilt beyond a reasonable doubt, the Court should acquit on such count.

## POINT TWO

### THE EVIDENCE AT TRIAL WAS INSUFFICIENT TO SUPPORT A CONVICTION OF OBSTRUCTION OF AN OFFICIAL PROCEEDING UNDER 18 USC 1512(C)(2)

The same argument in point one, goes to Count 4, obstruction of an official proceeding in violation of 18 USC 1512 (c)(2). § 1512(c) provides:

> Whoever corruptly (1) alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding; or (2) otherwise obstructs, influences, or impedes any official

proceeding, or attempts to do so . . . shall be fined . . . or imprisoned. . .

Here, in the jury instructions, the following language was submitted "Often, acting corruptly involves acting with the intent to secure an unlawful advantage or benefit either for oneself or for another person."

Mr. Alam did not stand to gain or personally benefit on that day. Suddenly he began traveling and protesting with a group, a Mob, and he is swept up in emotion. But, his actions cannot be said to have been "Corruptly" with regards to the 1512 count.

The fact that the defendant's mere presence may have had the unintended effect of obstructing or impeding a proceeding does not establish that the defendant acted with the intent to obstruct or impede that proceeding.

Simply stated here, the evidence in no way shape, or form established that Alam committed the element of "corruptly". Under Rule 29, Alam is entitled to acquittal on this Count; or alternatively Alam is entitled to a new trial.

Dated:  October 25, 2023                Respectfully Submitted,

*/s/ Steven A. Metcalf II*
_____
STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Christmann*
99 Park Avenue, 6th Floor
New York, NY 10016

*Phone* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com

### CERTIFICATE OF SERVICE

I hereby certify that, on October 26, 2023, the forgoing document was filed via the Court's electronic filing system, and sent to the AUSA via email, which constitutes service upon all counsel of record.

*/s/ Steven A. Metcalf II, Esq.*

_____

STEVEN A. METCALF II, ESQ.
**Metcalf & Metcalf, P.C.**
*Attorneys for Alam*
99 Park Avenue, 6th Floor
New York, NY 10016
*Phone* 646.253.0514
*Fax* 646.219.2012
metcalflawnyc@gmail.com