UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | CASE NO. 21-cr-190-DLF |
| v. : | |
| : | |
| ZACHARY JORDAN ALAM, : | |
| : | |
| Defendant. : | |

**UNITED STATES' MOTION FOR AN EXTENTION TO RESPOND TO MINUTE ORDER AND JOINT MOTION TO CONTINUE THE SUPPLEMENTAL GUIDELINES BRIEFING AND SENTENCING**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this motion for an extension of time until August 8 2024, to respond to this Court's requests outlined in its June 28, 2024 minute order. In its minute order, the Court ordered the government to show cause why Count 5 of the Second Superseding Indictment should not be dismissed in light of *Fischer v. United States, No. 23-5572, 2024 WL 3208034, (U.S. June 28, 2024)*. The Court also ordered the parties to submit supplemental sentencing memoranda discussing the impact of *Fischer* on the defendant's Guidelines range and appropriate sentence under 18 U.S.C. 3553(a).[1]

In addition to extending the briefing timeline, the parties conferred and jointly move to extend the supplemental guidelines briefing to August 8, 2024 and to continue Defendant Alam's sentencing until no earlier that August 19, 2024, which will give both parties time to properly consider the implications of *Fischer.* The parties conferred and are both available August 22, 2024 for sentencing.

---

[1] In the government's sentencing memorandum, the government did preview its position that a negative *Fischer* decision would not really impact the guidelines as Counts One and Two drive the guidelines.

The government requests additional time as the government is currently evaluating the *Fischer* decision both individually as to this case and as to other January 6 prosecutions. In *Fischer*, the Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." However, the Court did not reject the application of 1512(c)(2) to January 6 cases. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information– or attempted to do so. The Supreme Court has remanded the case to the D.C. Circuit for further proceedings. Through those further proceedings, the Court of Appeals will interpret the scope of the statute in light of the recent decision. Out of respect for judicial economy, and to ensure a uniform and consistent approach before each judge of the District and Circuit, we will evaluate our approach to 1512(c)(2) carefully.

In order to facilitate an appropriate and uniform response, the government requests an extension until August 8, 2024, to respond to this Court's June 28, 2024 Minute Order. Additionally, the parties request to continue Defendant Alam's sentencing to August 22, 2024 or the week of August 19, 2024.

    Respectfully submitted,

    MATTHEW M. GRAVES
    UNITED STATES ATTORNEY
    D.C. Bar No. 481052

By:    */s/ Rebekah Lederer*
       Rebekah Lederer
       Pennsylvania Bar No. 320922
       Assistant United States Attorney
       U.S Attorney's Office for District of
       Columbia 601 D St. N.W, Washington, DC
       20530

(202) 252-7012
rebekah.lederer@usdoj.gov

*/s/ Joseph S. Smith, Jr.*
 Joseph S. Smith, Jr.
 CA Bar No. 200108
Assistant U.S. Attorney
601 D Street, N.W. Washington, D.C. 20530
(619) 546-8299
joseph.s.smith@usdoj.gov