UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>ZACHARY JORDAN ALAM,<br><br>Defendant. | Case No. 1:21-cr-00190(DLF) |

**GOVERNMENT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND GOVERNMENT'S UNOPPOSED MOTION TO DISMISS COUNT 5**

Pursuant to the Court's order issued on June 28, 2024, and as extended by further order on July 5, 2024, the government hereby files its response to the order to show cause and its unopposed motion to dismiss Count 5 of the second superseding indictment.

**I.      GOVERNMENT'S RESPONSE TO THE ORDER TO SHOW CAUSE**

On July 12, 2023, the grand jury charged the defendant in a second superseding indictment with numerous criminal offenses in connection with his conduct on January 6, 2021, including obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count 5). ECF No. 83. The defendant had moved pretrial to dismiss Count 5, ECF No. 47, and this Court denied the motion. Minute Order 8/12/2022. Following a six-day trial a jury found the defendant guilty of ten criminal offenses, including Count 5. ECF No. 110. On October 26, 2023, the defendant moved for a judgment of acquittal and for a new trial as to Count 5, among other counts, arguing generally that the evidence at trial was insufficient and specifically that there was insufficient proof presented of the mens rea under § 1512(c)(2). ECF No. 1171 at 2-7. That motion was denied by the Court on May 6, 2024. Minute Order 5/6/2024.

1

On June 28, 2024, the Supreme Court issued an opinion in *Fischer v. United States*, 144 S. Ct. 2176, 2181 (2024). *Fischer* held that Section 1512(c) does not cover "*all* means of obstructing, influencing, or impeding any official proceeding." *Id*. at 2185. The Court held that, to prove a violation of Section 1512(c)(2), the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id*. at 2186, 2190. The Supreme Court remanded the case to the D.C. Circuit for further proceedings and to assess the sufficiency of the indictment on that count. *Id*. at 2190.

Additional litigation would be needed to determine the impact of the Supreme Court's decision in *Fischer* on the defendant's conviction in Count 5 However, as detailed in the government's concurrently filed Supplemental Sentencing Memorandum, a conviction on Count 5 would not affect either the sentencing guideline calculations or the government's sentencing recommendation in this case. In the interest of proceeding efficiently towards sentencing on the defendant's other counts of conviction, the government has determined that it will move to dismiss Count 5.

II.     **GOVERNMENT'S UNOPPOSED MOTION TO DISMISS COUNT 5**

The United States of America hereby moves pursuant to Federal Rule of Criminal Procedure 48(a) to voluntarily dismiss with prejudice Count 5 of the Second Superseding Indictment, which charges the defendant, Zachary Jordan Alam, with obstruction of an official proceeding, in violation of 18 U.S.C. §§ 1512(c)(2) and 2.[1]

---

[1]     Counsel for the government has conferred with the defendant's counsel via email regarding

2

A.  Discussion

Federal Rule of Criminal Procedure 48(a) permits the Government, "with leave of court," to "dismiss an indictment, information or complaint." Fed. R. Crim. P. 48(a). Although the rule is written in terms of the entire charging document (i.e., "indictment," "information," and "complaint"), it also applies to individual counts. *See, e.g.*, *Thomas v. United States*, 398 F.2d 531, 537 (5th Cir. 1967) ("The right of the prosecution to move for and the court to grant dismissal of an Indictment or separate counts thereof is a hornbook principle."). It is also settled that the government may move to dismiss a count under Rule 48(a) even after the charge at issue has resulted in a finding of guilt, *see*, *e.g.*, *United States v. Hector*, 577 F.3d 1099, 1101 (9th Cir. 2009) – whether "because of a guilty plea," *id*., or because of a guilty verdict at trial, *see*, *e.g.*, *United States v. Williams*, 720 F.3d 674, 702 (8th Cir. 2013). *Cf. United States v. Smith*, 467 F.3d 785, 786-789 (D.C. Cir. 2006) (holding that district courts have jurisdiction to entertain unopposed Rule 48 motions even after a conviction becomes final, without ruling on the merits of Rule 48's scope).

In this case, the jury found the defendant guilty of ten offenses – 6 felonies and 4 misdemeanors – more than 10 months ago in September 2023. In light of the Supreme Court's recent decision in *Fischer*, however, additional litigation would be needed to determine the impact of *Fischer* on the defendant's conviction on Count 5. In the interest of efficiently proceeding towards sentencing on the defendant's other nine counts of conviction, the government is moving to voluntarily dismiss Count 5.

---

this motion. Defense counsel indicated that the defendant does not oppose this motion.

Accordingly, the government respectfully requests that the Court dismiss Count 5 of the second superseding indictment with prejudice.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY

BY:   /s/ Joseph S. Smith, Jr.
      JOSEPH S. SMITH. JR.
      CA Bar No. 200108
      Assistant U.S. Attorney
      601 D Street, N.W.
      Washington, D.C. 20530
      (619) 546-8299
      joseph.s.smith@usdoj.gov

      /s/ Rebekah Lederer
      REBEKAH LEDERER
      Pennsylvania Bar No. 320922
      Assistant U.S. Attorney
      601 D Street. N.W
      Washington, DC 20530
      (202) 252-7012
      rebekah.lederer@usdoj.gov